**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| POPULAR LEASING USA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:04-CV-1625 CAS |
| | ) |
| TERRA EXCAVATING, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants Terra Excavating, Inc., M.D. Adnan Rahman, and Central Florida Excavating and Fill Dirt, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction, to Transfer Venue or Alternatively, to Dismiss Certain Counts of the Complaint for Failure to State a Claim.[1] Plaintiff opposes the motion to dismiss for lack of personal jurisdiction or to transfer and defendants have filed a reply. For the following reasons, the Court will grant in part and deny in part the motion to dismiss for lack of personal jurisdiction and will deny the alternative motion to transfer venue.

**Background**.

The Amended Petition filed in this matter asserts claims for breach of contract against defendant Terra Excavating, Inc. ("Terra") in Count I, and for breach of guaranty against defendants Rahman in Count II and Central Florida Excavating and Fill Dirt, Inc. ("CFE") in Count III. The case

---

[1]Although the title of defendants' motion includes an alternative motion to dismiss certain counts for failure to state a claim, defendants do not address such an alternative ground for dismissal in their motion to dismiss or the memorandum in support thereof. This aspect of the motion to dismiss is therefore denied.

was originally filed in the Circuit Court of St. Louis County, Missouri, and was removed based on diversity of citizenship.

The Amended Petition alleges that Terra, a Florida corporation, entered into two equipment rental agreements with NorVergence, Inc., a New Jersey corporation. The agreements were titled Equipment Rental Agreement No. 043402.01 ("Lease One") and Equipment Rental Agreement No. 043402.02 ("Lease Two") (collectively referred to as "the Leases"). Plaintiff alleges that Rahman guaranteed Terra's obligations under the Leases and that CFE guaranteed Terra's obligations under Lease One.

Before Terra executed the Leases, a corporate representative from NorVergence solicited Terra to preview its product known as the Matrix Box (the "Equipment"). NorVergence then sent the Leases, along with the Guaranty Agreements, to Florida where a Terra representative executed them on behalf of Terra and returned them to NorVergence in New Jersey. NorVergence delivered but did not install the Equipment at Terra's location. NorVergence assigned the Leases to the plaintiff. On June 30, 2004, an involuntary Chapter 11 Bankruptcy Petition was filed against NorVergence in the United States District Court for the District of New Jersey and services provided by it to its customers were suspended.

The defendants never had any contact with the State of Missouri, including any contacts related to the allegations of the Amended Petition. Rahman is a citizen of the State of Florida. Terra and CFE are Florida corporations with their principal places of business in Florida. None of the defendants made any payments on the Leases, and accordingly did not deliver any payments to the State of Missouri. All activity, contacts or communications relating to or arising from the Leases occurred in the State of Florida.

**Legal Standard**.

"To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction," and may do so by affidavits, exhibits, or other evidence. Epps v. Stewart Info. Serv. Corp., 327 F.3d 642, 647 (8th Cir. 2003).

"The party seeking to establish the court's in personam jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction." Id. In a diversity action, "A federal court . . . may assume jurisdiction over nonresident defendants only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1073 (8th Cir. 2004).

The Missouri long-arm statute provides for the exercise of personal jurisdiction over "[a]ny person . . . who in person or through an agent . . . commi[ts] a tortious act within the state[,]" as to a cause of action arising from the commission of the act. Mo. Rev. Stat. § 506.500.1(3) (2000). Because "the Missouri long-arm statute authorizes the exercise of jurisdiction over non-residents to the extent permissible under the due process clause," Porter v. Berall, 293 F.3d 1073, 1075 (8th Cir. 2002) (internal quotation omitted), it is proper to "turn immediately to the question whether the assertion of personal jurisdiction would violate the due process clause." Id.

In order to satisfy due process, a defendant must have sufficient minimum contacts with the forum state "such that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Dever, 380 F.3d at 1073 (quoting Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1102 (8th Cir. 1996)). In particular, there must be "'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Id. (quoting Hanson v. Denckla, 357 U.S. 235, 253

(1958)). Moreover, in a case such as this which involves specific personal jurisdiction, "jurisdiction is viable only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state." Id. In other words, the cause of action must "'arise out of' or 'relate to' a defendant's activities within a state." Lakin v. Prudential Sec., Inc., 348 F.3d 704, 707 (8th Cir. 2003) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)).

In determining whether personal jurisdiction exists over the defendant, the Court will consider "(1) the nature and quality of [his] contacts with [Missouri]; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of [Missouri] in providing a forum for its residents; and (5) [the] convenience of the parties." Dever, 380 F.3d at 1073-74 (internal quotation omitted). Significant weight is afforded to the first three factors. Id. at 1074.

**Discussion**.

    **A. Personal Jurisdiction**.

Defendants move to dismiss this case under Rule 12(b)(2), Federal Rules of Civil Procedure, for lack of personal jurisdiction. Defendants assert that they lack sufficient contacts with the State of Missouri to meet the requirements of Missouri's long arm statute, and that defendant Terra does not have sufficient minimum contacts with the State of Missouri to satisfy due process requirements. Defendants also assert that the forum selection clause of the contract in question is unenforceable.

There is no assertion or evidence that defendants had any contact with the State of Missouri until the instant lawsuit was filed. The suit was filed in Missouri under the forum selection clause contained in the equipment rental agreements, Leases One and Two. Thus, for the case to be properly before the Court in this venue, jurisdiction must exist because of the forum selection clause, as there are no activities or contacts by defendants within the State of Missouri. See St. Paul Fire &

Marine Ins. Co. v. Courtney Enters., Inc., 270 F.3d 621, 624 (8th Cir. 2001) (a party may consent to jurisdiction by signing a contract containing a forum selection clause); see also Dominium Austin Partners, L.L.C. v. Emerson, 248 F.3d 720, 726 (8th Cir. 2001) (due process concerns are satisfied where a defendant consents to personal jurisdiction by entering into a contract containing a valid forum selection clause).

The forum selection clause contained in Leases One and Two provides in pertinent part:

> APPLICABLE LAW: . . . This agreement shall be governed by, construed and enforced in accordance with the laws of the State in which Rentor's principal offices are located or, if this Lease is assigned by Rentor, the State in which the assignee's principal offices are located, without regard to such State's choice of law considerations and all legal actions relating to this Lease shall be venued exclusively in a state or federal court located within that State, such court to be chosen at Rentor or Rentor's assignee's sole option. . . . .

See Exs. A and B to Complaint.

The Eighth Circuit has indicated its general agreement with the proposition that federal law controls whether a forum selection clause applies in a diversity case, Rainforest Café, Inc. v. EklecCo, L.L.C., 340 F.3d 544, 546 (8th Cir. 2003) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 31-32 (1988)), but has not definitively so held and therefore the application of state or federal law appears to be an open question. Id. The plaintiff in this case relies on Missouri law, while the defendants rely on case law from various states. Because the parties have not argued that application of state law would result in a materially different outcome, the Court will examine the issue under federal law. See Rainforest Café, 340 F.3d at 546.

Under federal law, "Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." M.B. Restaurants, Inc. v. CKE Restaurants, Inc., 183 F.3d 750, 752 (8th Cir. 1999) (citing M/S Bremen v. Zapata Off-

- 5 -

Shore Co., 407 U.S. 1, 15 (1972)). "They are enforceable unless they would actually deprive the opposing party of his fair day in court." Id. (citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 590-95 (1991)). "The fact that the contract was a form contract and that the individual clauses were not actually negotiated does not render the clause per se unenforceable." Id. (citing Carnival, 499 U.S. at 593). General allegations that a party was induced by fraud to enter into a contract are insufficient to raise an issue that a forum selection clause within the contract may be unenforceable because of fraud. Marano Enters. of Kansas v. Z-Teca Restaurants, 254 F.3d 763, 757 (8th Cir. 2001). In addition, "inconvenience to a party is an insufficient basis to defeat an otherwise enforceable forum selection clause." Id. at 753.

Defendants argue that the forum selection clause is invalid and unenforceable because it is a "floating" or "shifting" clause which would allow it to be sued in any state in the country, depending on the principal place of business of an assignee. Defendants argue the clause is unconscionable because it does not identify any jurisdiction where suit would be proper, but instead contains a convoluted and complex provision with no clear indication where potential venue would ultimately lie, and provides no notice of the possibility of litigation in Missouri. Defendants rely on several unpublished decisions from other jurisdictions refusing to uphold "floating" forum selection clauses, including two involving the NorVergence forum selection clause: IFC Credit Corp. v. Eastcom, Inc., 2005 WL 43159 (N.D. Ill. Jan. 7, 2005), and Preferred Capital, Inc. v. Power Eng'g Group, Inc., No. CV 2004 10 5737, Court of Common Pleas, Summit County, Ohio (Judgment Entry Dec. 15, 2004).

Defendants also argue that the size of the type and the location of the forum selection clause within the Leases renders enforcement of it unreasonable and unfair. The forum selection clause is on the reverse side of a two-page agreement in six-point typeface and is not bolded, underlined,

italicized or capitalized. Defendants also argue that the disparity in size and sophistication between the contracting parties renders enforcement of the forum selection unconscionable because they are small family-owned and operated businesses which contract no business outside their home state of Florida, while NorVergence was a nationally-operating company which solicited their business and did not explain the forum selection clause to defendants prior to its execution.

Defendants also argue that there is overwhelming evidence NorVergence defrauded its customers, and as a result, defendants should not be held to the terms of the Leases. Defendants submit evidence that the Federal Trade Commission initiated a complaint against NorVergence pursuant to Sections 13(b) and 5(a) of the Federal Trade Commission Act which seeks to secure permanent injunctive relief against NorVergence in connection with its unfair and deceptive acts or practices in connection with the sale and financing of telecommunications equipment. Defendants state that plaintiff was aware since at least June 2003 of NorVergence's wrongdoing in connection with the Leases, and that it is against public policy to allow plaintiff to maintain collection actions on Leases that are fraudulent.

Finally, defendants argue that the forum selection clause is not contained in the Guaranty agreement signed by CFE, see Ex. C to Complaint, as that Guaranty agreement does not incorporate or adopt Lease One in its entirety, but rather only vaguely states, "[t]his guaranty is subject to the terms and conditions contained in Sections 10 through 19, inclusive of the Rental, all of which are incorporated here." Defendants note that Lease One contains no numbered paragraphs, and therefore it is impossible to determine which of Lease One's terms are incorporated into the CFE guaranty. Thus, defendants argue, even if the Court concludes it has jurisdiction over Terra, it must dismiss for lack of personal jurisdiction as to CFE.

The Court finds that defendants have not met their burden to show that the forum selection clause is unenforceable in this case.[2] Defendants have not submitted any controlling authority that the forum selection clause is invalid because they had no notice NorVergence would assigned the Leases to plaintiff and that they would be subjected to suit in Missouri. This Court has previously found that the forum selection clause conferred jurisdiction in several NorVergence-related cases despite the original contract being assigned to a party located in Missouri, a state in which the defendant had no other minimum contacts. See Popular Leasing USA, Inc. v. Mednet Healthcare Technologies, Inc., No. 4:04-CV-1571 JCH (Order of May 16, 2005) (Hamilton, J.) [Doc. 16]; Popular Leasing USA, Inc. v. National Restoration Sys., Inc., 4:04-CV-1629 AGF (Mem. and Order of May 3, 2005) (Fleissig, J.) [Doc. 23]; Popular Leasing USA, Inc. v Austin Auto. Warehouse Corp., 4:04-CV-1619 TCM (Mem. and Order of Mar. 17, 2005) (Mummert, J.) [Doc. 26]. Other district courts within the Eighth Circuit have reached similar results. See e.g., Lyon Fin. Servs., Inc. v. Reno Sparks Ass'n of Realtors, 2004 WL 234405 at *1 (D. Minn. Feb. 4, 2004) (forum selection clause conferred jurisdiction over defendants in Minnesota although only contract assignee had ties to that forum); Lyon Fin. Servs., Inc. v. Powernet, Inc., 2001 WL 1640099 at *4 (D. Minn. Nov. 19, 2001) (same). This is true even when the ultimate forum was not identified until the contract had been assigned to a previously-unknown third party. Lyon Fin. Servs., Inc. v. Will H. Hall & Son

---

[2]The Court would reach a similar decision under Missouri law. Missouri law provides that "forum selection clauses which designate Missouri . . . as the exclusive forum in which to bring actions are enforceable if the clauses are not unfair and are not unreasonable." Whelan Security Co., Inc. v. Allen, 26 S.W.3d 582, 596 (Mo. Ct. App. 2000). To be enforceable, the clause must have been obtained through freely negotiated agreements absent fraud and overreaching and its enforcement must not be unreasonable and unjust. Id. The party resisting enforcement of the clause "bears a heavy burden in convincing the court that he should not be held to his bargain." Id. (citing Chase Third Century Leasing Co., Inc. v. Williams, 782 S.W.2d 408, 411 (Mo. Ct. App. 1989)).

Builders, Inc., 2005 WL 503371 at *4 (D. Minn. Mar. 4, 2005) (holding "floating venue" provision valid; noting that under lease in question, only one forum was proper at any given time–that of the lessor's home state).

Although defendants contend that the Leases were procured by fraud, a fraud will only render a forum selection clause invalid "'if the inclusion of that clause in the contract was the product of fraud or coercion.'" Marano, 254 F.3d at 757 (quoting Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 n.14 (1974)). Defendants do not allege that the forum selection clause was obtained through fraud; rather they assert that the Leases as a whole were obtained through fraud. Defendants' only assertion related to the forum selection clause is that defendants were unaware the clause was included in the Leases because it was in small print on the second page of a form contract and NorVergence did not mention its inclusion. These circumstances do not constitute fraud with respect to the forum selection clause. As a result, defendants have failed to show that the inclusion of the forum selection clause was the product of fraud or coercion, and the clause is presumed valid. See M.B. Restaurants, 183 F.3d at 752.[3] Nor have defendants shown that the disparity in size and sophistication between them and NorVergence renders the forum selection clause. Defendants have merely alleged that they are a small Florida company and NorVergence was a larger, nationwide company, but have provided no evidence to support their contention.

As previously stated, forum selection clauses are "enforceable unless they would actually deprive the opposing party of his fair day in court." Carnival, 499 U.S. at 590-95. No such showing

---

[3]Defendants' arguments concerning the Federal Trade Commission's claims against NorVergence can be revisited in the event injunctive relief is granted against the enforcement of its equipment rental agreements.

has been made in this case. Defendants' motion to dismiss for lack of personal jurisdiction should therefore be denied.

With respect to the Guaranty Agreement signed by defendant CFE, the Court agrees with defendants that there is no showing that CFE agreed to the terms of the forum selection clause. Plaintiff has made no attempt to refute defendants' argument that the language of the Guaranty Agreement is vague and did not facially incorporate the forum selection clause. Because CFE has no contacts with the State of Missouri, dismissal for lack of personal jurisdiction is appropriate as to it.

### B. Motion to Transfer Venue.

In the alternative, remaining defendants Terra and Rahman move to transfer venue of this case to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1404(a). This section provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

The initial inquiry in ruling on a motion under § 1404(a) is whether this case "might have been brought" in the Middle District of Florida. Midwest Mechanical Contractors, Inc. v. Tampa Constructors, Inc., 659 F. Supp. 526, 532 (W.D. Mo. 1987). Because defendants reside in the Middle District of Florida, venue would be proper there. See 28 U.S.C. § 1391(a).

In determining whether or not to transfer venue, the Court considers the three factors expressed in § 1404(a): The convenience of the parties, the convenience of the witnesses, and whether the transfer would be in the interest of justice. I-T-E Circuit Breaker Co. v. Regan, 348 F.2d

403, 405 (8th Cir. 1965); Houk v. Kimberly-Clark Corp., 613 F. Supp. 923, 927 (W.D. Mo. 1985). Convenience of the witnesses is a primary, if not the most important, factor in considering a motion under § 1404(a). Houk, 613 F. Supp. at 927; American Standard, Inc. v. Bendix Corp., 487 F. Supp. 254, 262 (W.D. Mo. 1980). Additional factors which may be considered include:

> [P]ractical problems that make trial of a case easy, expeditious and inexpensive, such as access to sources of proof and availability of compulsory process for witnesses and expenses attendant to the production of witnesses; the relative advantages and obstacles to fair trial, and the relative congestion of the calendars of the potential transferee and transferor courts.

Wooldridge v. Beech Aircraft Corp., 479 F. Supp. 1041, 1057 (W.D. Mo. 1979) (citations and internal quotations omitted). The Court is mindful that it may not disturb a plaintiff's choice of forum unless a balance of relative considerations tips strongly toward the defendant. Anheuser-Busch, Inc. v. City Merchandise, 176 F.Supp.2d 951, 959 (E.D. Mo. 2001) (citations omitted).

The presence of a forum selection clause in a contract is not dispositive of the issue whether venue should be transferred. Stewart Org., 487 U.S. at 31. Rather, the Court must consider the facts of the case and the competing interests. Applying the relevant factors to the facts of this case, the Court concludes that the "convenience of the parties" factor does not weigh in favor of either plaintiff or defendant, as it is more convenient for plaintiff to litigate in Missouri while it is more convenient for defendants to litigate in Florida.

With respect to the convenience of the witnesses, defendants state that "all of the potential witnesses involved in proving or disproving the allegations set forth in the Amended Petition reside in either Florida or New Jersey," and that plaintiff "has no knowledge of the issues related to the history of the contact between the two contracting parties." Defs.' Mem. Supp. Mot. Dismiss at 11. Defendant does not identify its witnesses, however, nor does it identify any of NorVergence's

potential witnesses. Plaintiff responds that its corporate office, all documents and records maintained by it, and all of its witnesses are in Missouri. In order to overcome the plaintiff's choice of venue, a defendant must show "(a) . . . who the witnesses are and where they reside, and (b) in a general way stat[e] what defendant proposes to prove by said witnesses. This emphasizes the probative value of the expected testimony, rather than the number of witnesses defendant plans to call." Savage v. Kaiser Motors Corp., 116 F.Supp.2d 433, 434 (D. Minn. 1953). The Court does not have facts before it from which it can balance the convenience of the witnesses because it does not know who the witnesses are, where they reside, what their expected testimony is, or how many witnesses there are. As a result, the Court finds that defendants have failed to show that the convenience of the witnesses factor favors transfer of the case.

Finally, with respect to the "interests of justice" factor, defendants state there are at least five other actions initiated in the Florida courts by Popular Leasing Florida pertaining to leases assigned by NorVergence; that compulsory process might not be available to secure the appearance of defendants' and NorVergence's unidentified witnesses in Missouri; the cost of litigating in Missouri rather than Florida is significantly higher for defendants; and with CFE's dismissal, there could be parallel litigation between the parties in both Florida and Missouri. Plaintiff responds that while defendants claim there is substantially similar litigation in Florida, it has only sued defendants in Missouri, and reiterates that defendants contractually agreed to litigate in a state other than Florida.

The Court has carefully considered these points, but finds that defendants have not met their burden to show that the interests of justice require transfer of this matter to Florida. The fact that another Popular Leasing entity has sued several defendants on NorVergence leases in Florida does not weigh in favor of sending this case to Florida. As previously noted, a number of Popular Leasing

cases are pending in this Court and others are pending in the Circuit Court of St. Louis County, Missouri. Defendants do not explain how transferring this suit to Florida would serve judicial economy or the interests of justice.

The issue of availability of compulsory process to require the attendance of necessary witnesses "depends upon whether those witnesses will willingly appear, whether they can be compelled to appear, and whether alternative means of producing their testimony exist." Terra Int'l, Inc. v. Mississippi Chem. Corp., 922 F. Supp. 1334, 1360 (N.D. Iowa 1996), aff'd, 119 F.3d 688 (8th Cir.), cert. denied, 118 S. Ct. 629 (1997). There is no indication who the potentially unwilling witnesses are, or whether they could be made available by deposition. Thus, defendants' contention is unsubstantiated: they have made no showing that any particular witnesses or any essential witnesses will be inconvenienced or will refuse to come to Missouri voluntarily, making compulsory process necessary. Certainly, non-party witnesses may not be willing to travel to trial in Missouri, and a Missouri forum may not be able to compel the appearance of non-party Florida or New Jersey witnesses, but there is no showing that any such witnesses

> cannot be compelled to appear for discovery, in a proper place, pursuant to the wide reach of discovery under the Federal Rules of Civil Procedure, nor is there any convincing showing that the testimony of any necessary witness cannot be adequately presented by deposition, either read into the record from a transcript, or in the form of a videotaped deposition played for a jury.

Id. (citing Scheidt v. Klein, 956 F.2d 963, 966 (10th Cir. 1992); Moses v. Business Cards Express, Inc., 929 F.2d 1131, 1138-39 (6th Cir. 1991)).

Defendants make the conclusory assertion that their cost of litigating this action will be higher in Missouri than in Florida. Defendants have not made a showing, however, that litigating this action

would impose an undue hardship upon them. Defendants have not offered the Court any estimates as to how much more it would cost to try the case in Missouri rather than Florida., nor have they offered any facts to show a disparity of means between them and the plaintiff. As a result, this factor is entitled to little or no significance. See, e.g., Hernandez v. Graebel Van Lines, 761 F. Supp. 983, 989 (E.D.N.Y.1991) (according factor little or no significance absent showing of disparity of means between corporate plaintiff and individual defendant).

After careful consideration, the Court concludes that defendants' alternative motion to transfer venue should be denied.

**Conclusion**.

For the foregoing reasons, the Court finds that defendants' motion to dismiss for lack of personal jurisdiction should be granted as to defendant CFE and denied as to defendants Terra and Rahman, and that defendants Terra and Rahman's alternative motion to transfer venue should also be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss for lack of personal jurisdiction is **GRANTED in part** and **DENIED in part**; said motion is **GRANTED** as to defendant Central Florida Excavating and Fill Dirt, Inc. and **DENIED** in all other respects. [Doc. 17]

**IT IS FURTHER ORDERED** that defendants Terra Excavating, Inc. and M.D. Adnan Rahman's alternative motion to transfer venue of this case is **DENIED**. [Doc. 17]

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  28th  day of June, 2005.