# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| POPULAR LEASING USA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:04-CV-1625 CAS |
| ) | |
| TERRA EXCAVATING, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on remaining defendants Terra Excavating, Inc. and M.D. Adnan Rahman's motion to amend order and for leave to file interlocutory appeal. Defendants move this Court to amend its Memorandum and Order of June 28, 2005, which denied these defendants' motion to dismiss for lack of personal jurisdiction, to include language to allow this action to be immediately appealable pursuant to 28 U.S.C. § 1292(b) and Federal Rule of Appellate Procedure 5(a)(3).

Pursuant to 28 U.S.C. § 1292(b), immediate appellate review of interlocutory orders that are not otherwise appealable may be had under certain circumstances:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. . . . .

28 U.S.C. § 1292(b). The Eighth Circuit has observed that it has "long been the policy of the courts to discourage piecemeal appeals because most often such appeals result in additional burdens to both the court and the litigants. Permission to allow interlocutory appeals should thus be granted sparingly

and with discrimination." Control Data Corp. v. International Bus. Mach. Corp., 421 F.2d 323, 325 (8th Cir. 1970) (citations omitted).

The Court concludes that defendants' proposed interlocutory appeal, which focuses on the enforceability of "floating" venue clauses, does not present a controlling question of law within the meaning of the statute. Although a district court in the Seventh Circuit and a state court have declined to enforce such clauses, each judge in this district who has decided the question has ruled that such clauses are enforceable. See Popular Leasing USA, Inc. v. Mednet Healthcare Technologies, Inc., No. 4:04-CV-1571 JCH (Order of May 16, 2005) (Hamilton, J.) [Doc. 16]; Popular Leasing USA, Inc. v. National Restoration Sys., Inc., 4:04-CV-1629 AGF (Mem. and Order of May 3, 2005) (Fleissig, J.) [Doc. 23]; Popular Leasing USA, Inc. v Austin Auto. Warehouse Corp., 4:04-CV-1619 TCM (Mem. and Order of Mar. 17, 2005) (Mummert, J.) [Doc. 26]. Other district courts within the Eighth Circuit have reached similar results. See e.g., Lyon Fin. Servs., Inc. v. Reno Sparks Ass'n of Realtors, 2004 WL 234405 at *1 (D. Minn. Feb. 4, 2004) (forum selection clause conferred jurisdiction over defendants in Minnesota although only contract assignee had ties to that forum); Lyon Fin. Servs., Inc. v. Powernet, Inc., 2001 WL 1640099 at *4 (D. Minn. Nov. 19, 2001) (same). This is true even when the ultimate forum was not identified until the contract had been assigned to a previously-unknown third party. Lyon Fin. Servs., Inc. v. Will H. Hall & Son Builders, Inc., 2005 WL 503371 at *4 (D. Minn. Mar. 4, 2005) (holding "floating venue" provision valid; noting that under lease in question, only one forum was proper at any given time–that of the lessor's home state). Defendants have not identified any court decisions within the Eighth Circuit which conflict with this Court's holding in the Memorandum and Order of June 28, 2005.

The Court therefore concludes that the "floating venue" clause issue in case does not present a "substantial ground" for difference of opinion within the meaning of the statute.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Terra Excavating, Inc. and M.D. Adnan Rahman's motion to amend order and for leave to allow interlocutory appeal is **DENIED**. [Doc. 35]

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  11th  day of July, 2005.