# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| POPULAR LEASING USA, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:04-CV-1625 CAS |
| TERRA EXCAVATING, INC., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Popular Leasing USA, Inc.'s Motion Objecting to Defendant's Demand for a Jury Trial. Defendants Terra Excavating, Inc. and M.D. Adnan Rahman (collectively referred to as "defendants") oppose the motion. For the following reasons, the Court will deny the motion.

**Background**.

This case was originally filed in the Circuit Court of St. Louis County, Missouri, and was removed based on diversity of citizenship. The Amended Petition filed in this matter asserts claims for breach of contract against defendant Terra Excavating, Inc. ("Terra") in Count I, and for breach of guaranty against defendant Rahman in Count II.[1] The Amended Petition alleges that Terra, a Florida corporation, entered into two equipment rental agreements with NorVergence, Inc., a New Jersey corporation. The agreements were titled Equipment Rental Agreement No. 043402.01 and

---

[1]By Memorandum and Order dated June 28, 2005, the Court concluded that it lacked personal jurisdiction over defendant Central Florida Excavating and Fill Dirt, Inc., and dismissed plaintiff's claims against that defendant without prejudice. [Doc. 32]

Equipment Rental Agreement No. 043402.02 (collectively referred to as "the Leases"). Plaintiff alleges that Rahman guaranteed Terra's obligations under the Leases.

Before Terra executed the Leases, a corporate representative from NorVergence solicited Terra to preview its product known as the Matrix Box (the "Equipment"). NorVergence then sent the Leases, along with the Guaranty Agreements, to Florida where a Terra representative executed them on behalf of Terra and returned them to NorVergence in New Jersey. NorVergence delivered but did not install the Equipment at Terra's location. NorVergence assigned the Leases to the plaintiff. On June 30, 2004, an involuntary Chapter 11 Bankruptcy Petition was filed against NorVergence in the United States District Court for the District of New Jersey and services provided by it to its customers were suspended.

In July 2005, defendants filed their answer and jury demand in this case. Plaintiff objects to the jury demand on the basis that defendants contractually waived the right to jury trial in the Leases. Defendants respond that the contractual jury waiver should not be enforced because (1) the underlying Leases were fraudulent and NorVergence has been enjoined from enforcing them; (2) the jury waiver provision was buried in small type on the back of the Leases, at the end of a lengthy paragraph confusing titled "Applicable Law," (3) the waiver is not clear and ambiguous and fails to identify its scope; (4) the Leases were presented to defendants on a take-it-or-leave-it basis; (5) the waiver provision can be read to waive defendants' right to jury trial but not plaintiff's; (6) there is no indication in the Leases that the jury waiver would apply if the Leases were assigned; (7) there is a significant disparity in size and bargaining power between plaintiff and defendants; and (8) there was no opportunity given for defendants to have counsel review the Leases prior to their execution. Finally, the defendants assert that defendant Rahman, who is sued as guarantor of the Leases, did not

2

contractually agree to a waiver of his right to jury trial because there is no statement in the guaranty agreement with respect to a jury waiver.

**Discussion**.

The Seventh Amendment to the United States Constitution preserves the right to jury trial on issues of fact in suits for breach of contract between private parties. See Northern Pipeline Constr. Co. v. Marathon Pipe Line, 458 U.S. 50 (1982); Seaboard Lumber Co. v. United States, 903 F.2d 1560, 1563 (Fed. Cir. 1990). A party may, however, waive its right to a jury trial in civil cases. Commodity Futures Trading Comm'n v. Schor, 478 U.S. 833, 848 (1972). Because the right to jury trial is so fundamental, there is a presumption against waiver of the constitutional right to trial by jury and "courts indulge every reasonable presumption against waiver." Aetna Ins. Co. v. Kennedy ex rel. Bogash, 301 U.S. 389, 393 (1937); see, e.g., Medical Air Tech. Corp. v. Marwan Investment, Inc., 303 F.3d 11, 18 (1st Cir. 2002) (presumption against waiver), cert. denied, 537 U.S. 1111 (2003); Winter v. Minnesota Mut. Life Ins. Co., 199 F.3d 399, 408 n.11 (7th Cir. 1999) (same); Wauhop v. Allied Humble Bank, N.A., 926 F.2d 454, 455 (5th Cir. 1991) (same); Leasing Serv. Corp. v. Crane, 804 F.2d 828, 832 (4th Cir. 1986) (same); National Equip. Rental, Ltd. v. Hendrix, 565 F.2d 255, 258 (2d Cir. 1977) (same).

For a waiver of the right to jury trial to be valid, the party making the waiver must do so "'voluntarily' and 'knowingly' on the facts of the case." Seaboard, 903 F.2d at 1563 (citing Brookhart v. Janis, 384 U.S. 1, 4, 5 (1966)); Medical Air Tech., 303 F.3d at 19. In a diversity action such as this, the enforcement of a jury waiver is a question of federal law. See Simler v. Conner, 372 U.S. 221, 222 (1963). "Courts have considered a number of factors to determine whether a contractual waiver of the right to a jury was knowing and voluntary." Cooperative Fin. Ass'n, Inc.

3

v. Garst, 871 F. Supp. 1168, 1172 (N.D. Iowa 1995). "They have considered whether the waiver provision is on a standardized form agreement or newly-drafted document, in fine print or in large or bold print, set off in a paragraph of its own, in a take-it-or-leave-it or negotiated contract, and the length of the contract." Id. (citing cases). "They have also considered whether the waiving party was represented by counsel, whether the waiving party was a sophisticated business person aware of the consequences of the waiver, whether the parties were manifestly unequal in bargaining power, and whether there was an opportunity to review all of the terms of the contract and whether the waiving party did so." Id.

The federal circuits are split on the question of which party bears the burden to prove that a contractual jury waiver was knowing and voluntary. See Pierce v. Atchison Topeka & Santa Fe Ry. Co., 110 F.3d 431, 435 n.4 (7th Cir. 1997) (collecting cases); Hulsey v. West, 966 F.2d 579, 581 (10th Cir. 1992) (identifying the split among the circuits). The Eighth Circuit does not appear to have ruled on this point. A district court in this circuit has persuasively commented that the party seeking to enforce the waiver should bear the burden of proof, because it is the party seeking to benefit from the waiver and "can prepare to meet that burden by careful drafting of the provision, its conspicuous presentation, and preparation of a record that the provision was explained and reviewed, for example, by requiring that the provision be initialed." Cooperative Fin. Ass'n, 871 F. Supp. at 1172 n.2.

This Court need not resolve which party bears the burden of proof with respect to a jury waiver, because even if the burden is placed on the defendants, they have met their burden to establish that the waiver was not knowing and voluntary. Under the circumstances of this case, the jury waiver provision in the Leases fails to overcome the presumption against waiver of the fundamental constitutional right to trial by jury. See Aetna, 301 U.S. at 393 (presumption against waiver). The

waiver clause was set deeply and inconspicuously in the pre-printed form contract that was presented to Terra on a take-it-or-leave it basis. The provision at issue states, "You [Terra] hereby waive right to a trial jury in any lawsuit in any way relating to this rental." This sentence appears on the right side of a two-column second page of the Leases, which contains all of the applicable terms of the agreement in small six-point font in twenty paragraphs. The above-quoted jury waiver sentence is the last line of the fifteenth paragraph which is titled "Applicable Law" and contains 226 words. The sentence is not set apart from the rest of the paragraph, nor is it in all capital letters as are several other provisions of the Leases. Cf. National Equip. Rental, 565 F.2d at 258 (refusing to enforce jury waiver where, inter alia, waiver clause was set deeply and inconspicuously in contract). The Court notes the lack of any opportunity to negotiate the terms of the Leases and Terra's inability to consult with legal counsel prior to executing the Leases. In addition, the jury waiver is entirely one-sided as it leaves plaintiff with the ability to demand a jury, which indicates defendants' lack of a realistic opportunity to negotiate at arms-length with NorVergence. Cf. RDO Fin. Servs. Co. v. Powell, 191 F.Supp.2d 811, 813-14 (N.D. Tex. 2002) (refusing to enforce jury waiver where waiver was printed in very small font size, buried in middle of lengthy paragraph entitled "Guarantor's Waivers," and not set off from the text in any way; and waiver was one-sided because lender retained power to demand jury trial). This evidence causes the Court to conclude that there was no voluntary and knowing waiver of the right to trial by jury by Terra.

The jury waiver provision which the Court declines to enforce is contained in the same paragraph as the forum selection clause which was enforced in the Memorandum and Order of June 28, 2005. The key distinction between these two aspects of the Leases is that unlike the right to a

jury trial, contractual forum selection does not impair any constitutional rights unless the forum selected denies a party due process. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972).

The Court is aware that other judges in this district have reached a contrary conclusion with respect to the jury waiver at issue in this case. See Popular Leasing USA, Inc. v. Austin Auto. Warehouse Corp., 4:04-CV-1619 TCM (E. D. Mo. July 27, 2005) (granting motion objecting to jury demand); and Popular Leasing USA, Inc. v. National Restoration Sys., Inc., 4:04-CV-1629 AGF (E.D. Mo. Aug. 23, 2005) (same). The Court respectfully declines to follow these decisions, based on its conclusion that the fundamental constitutional right to trial by jury requires that the waiver not be enforced in this case because it was not knowing and voluntary for the reasons discussed above. Significantly, the Eighth Circuit has stated, "There is no constitutional right to a nonjury trial." Brownlee v. Yellow Freight Sys., Inc., 921 F.2d 745, 749 (8th Cir. 1990) (citing Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 510 (1959)). Moreover, the Austin Auto and National Restoration cases are distinguishable because in this case there is an individual defendant who did not waive his right to jury trial, as discussed below.

Defendant Rahman, who signed a guaranty agreement with respect to the Leases, argues that he has not waived his right to jury trial because the guaranty agreement does not include a jury waiver. Plaintiff responds that Rahman executed the first page of both Leases twice, once as president of Terra and once as individual guarantor, initialed the second page, and as part of the guaranty agreed to perform all of Terra's obligations under the Leases and explicitly agreed to the "Applicable Law" paragraph with respect to jurisdiction and venue.

The guaranty agreement states in pertinent part, in all capital letters, "The same state law as the rental will govern this guaranty. You agree to jurisdiction and venue as stated in the paragraph

6

titled applicable law." Rahman did not explicitly agree to the jury waiver provision of the "Applicable Law" paragraph, and there was no attempt to incorporate either the jury waiver provision or the entire "Applicable Law" paragraph into the guaranty agreement. The Court will not imply such an incorporation, given the presumption against waiver of the right to trial by jury. See Aetna, 301 U.S. at 393. Further, Rahman's execution of the Leases as president of Terra does not bind him in his individual capacity. "Generally, a jury waiver provision in a contract or lease affects only the rights of the parties to that contract or lease." Hulsey, 966 F.2d at 581 (citing cases and concluding guarantor who executed loan agreement as president of borrower was not bound by jury waiver provision). The terms of the jury waiver provision in the Leases clearly apply only to Terra, which was designated as the "Renter" under the Leases.[2] Therefore, even if Terra had waived its right to jury trial, defendant Rahman would be entitled to a jury trial on plaintiff's claims against him as guarantor.

**Conclusion**.

For the foregoing reasons, the Court finds that plaintiff's motion objecting to defendants' jury demand should be denied, as defendant Terra Excavating, Inc. did not knowingly and voluntarily waive its right to jury trial and defendant Rahman did not contractually agree to a waiver of his constitutional right to trial by jury.

---

[2] The Leases state in pertinent part on the first page: "We use the words you and your to mean the Renter indicated above." Terra Excavating, Inc. is the listed on the Leases as the Renter.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion objecting to defendants' jury demand is **DENIED**.  [Doc. 41]

                                                /s/ Charles A. Shaw
                                               **CHARLES A. SHAW**
                                               **UNITED STATES DISTRICT JUDGE**

Dated this  6th  day of October, 2005.